Receipt #060239

ORIGINAL

FILED
APR 9 2004
U.S. COURT OF
FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HEALTHAMERICA PENNSYLVANIA, INC.,
Plaintiff,
v.
THE UNITED STATES OF AMERICA,
Defendant.

No. 04-633C

## COMPLAINT

For its complaint against the above-named Defendant, the United States of America, Plaintiff HealthAmerica Pennsylvania, Inc. alleges as follows:

## INTRODUCTION

1. This complaint is a claim for breach of contract arising out of the United States Government's ("Government" or "Defendant") failure to pay for health care benefits the plaintiff made available to federal employees and annuitants under the Federal Employees Health Benefits Program ("FEHB Program" or "Program"). Plaintiff provided the health care benefits required under the Contract, but has been underpaid by $7,201,537.75 in premiums for contract years 1987 through 1996.

## PARTIES

2. Plaintiff, HealthAmerica Pennsylvania, Inc., is a Pennsylvania corporation. During the period covered by this claim, 1987 through 1996, Plaintiff (hereinafter referred to as "HealthAmerica") provided health care benefits to federal employees, annuitants and dependents qualified under its FEHB Program contract with the Office of Personnel Management ("OPM").

3. HealthAmerica's contract is and has been administered by the OPM. Under this contract, OPM is responsible for paying HealthAmerica the premium due for each federal enrollee in the FEHB Program who joins HealthAmerica's health plan.

## JURISDICTION

4. This is an action for breach of contract arising under the Contract Disputes Act, 41 U.S.C. §§ 601-613, and the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901-8914. This Court has jurisdiction based upon 41 U.S.C. § 609(a), 5 U.S.C. § 8912, and 28 U.S.C. § 1491.

5. On January 26, 2004, HealthAmerica submitted a claim to the OPM Contracting Officer to recover the underpayments for contract years 1987 through 1996. OPM did not respond to HealthAmerica's claim within the sixty (60) days required under the Contract Disputes Act and, pursuant to 41 U.S.C. § 605(c)(5), the claim is deemed denied.

## BACKGROUND

A. The FEHB Program

6. The FEHB Program is a program established by Congress through which the Government provides health and other benefits to current federal employees as well as certain other qualified individuals such as annuitants. (5 U.S.C. §§ 8901-8914.) Pursuant to this statute, OPM administers the FEHB Program for the Government.

7. OPM is responsible for setting, through negotiations with the plans, the premiums for each enrollee under the carrier's contract. (5 U.S.C. § 8902.) OPM is also responsible for collecting the premiums from each of the federal agencies that employs the enrollee. (5 U.S.C. §§ 8906, 8909.)

8. Under the FEHB statute federal agencies are required to maintain accurate records for each employee enrolled in the FEHB Program. Each agency is required to submit reports on a regular basis to the health care carrier identifying all enrollees for that particular carrier's plan.

B. HealthAmerica's Contract with OPM

9. HealthAmerica entered into and is obligated under Contract No. CS-2078 with OPM to provide health care benefits to all enrollees in its plan. In order to enroll eligible individuals in the plan, the OPM is required to forward to HealthAmerica basic information concerning each enrollee, such

as the name, birth date and coverage option. The OPM is responsible under this Contract for submitting premiums to HealthAmerica for all enrollees.

10. During the contract years 1987 to 1996, HealthAmerica maintained an integrated computerized enrollment and billing system (the "System"). The System retained the relevant information on each federal subscriber enrolled in HealthAmerica's plan. The System included data on (i) each subscriber's date of enrollment and, if applicable, disenrollment and (ii) changes in enrollment status as provided in OPM standard forms SF-2809, SF-2810, or SF-2811 or other transmittals, or correspondence that had an impact on the premium owed by the government. The enrollment and rate data were maintained on the System.

11. Once an enrollee selected the HealthAmerica plan, HealthAmerica processed the SF-2809 enrollment form by using established membership enrollment procedures. Under these procedures, HealthAmerica entered, verified and processed the data into the System. Once enrollment was processed for each federal enrollee, the System maintained and tracked enrollment status through government forms SF-2810 and SF-2811. Enrollment continued until HealthAmerica received notice of cancellation, change of coverage to another FEHB Program carrier, or termination from the federal employing agency. Upon receipt of such a notice, HealthAmerica's policy was to process the enrollment change.

12. HealthAmerica adhered to the enrollment reconciliation process set forth in the Contract, the applicable regulations and the materials provided by OPM. HealthAmerica initiated enrollment reconciliation with federal agencies and OPM, and compared its records with the information received from Defendant and the employing agencies.

13. Despite these efforts, some employing agencies failed to provide the information required under the Contract, the applicable regulations and the other materials provided by OPM. Certain employing agencies failed to engage in any reconciliation efforts, others failed to provide complete or timely information, and still others provided information but failed to respond to further inquiries.

14. HealthAmerica maintains a computerized enrollment database that reflects all enrollment information provided by Defendant for enrollees in the FEHB Program. The database includes an enrollment history of each enrollee and is accurate up to the date of the most recent information received from Defendant.

15. HealthAmerica conducted its own analysis of the discrepancy between the premiums it received from OPM and the number of federal enrollees enrolled in HealthAmerica's plan. HealthAmerica reviewed the enrollment history in its database for the contract years 1987 through 1996. HealthAmerica verified the enrollment history data by comparing the actual

enrollment forms submitted by Defendant — the SF-2809s, SF-2810s and SF-2811s — to the enrollment history in the database. This process permitted HealthAmerica to determine the amount of premium that was due for each of those contract years.

16. An outside consulting firm retained by HealthAmerica, the Klemm Analysis Group, Inc. ("Klemm") performed an evaluation of the accuracy of HealthAmerica's database. Klemm's evaluation included a validation of the accuracy of the System's records and ensured that enrollment, disenrollment and tier changes contained in the documents provided by OPM were correctly captured in the System. Klemm also validated the reasonableness of the total amount HealthAmerica claimed for the period in question.

17. HealthAmerica also retained an independent national accounting firm to review and confirm the amounts payable to HealthAmerica under the Contract for contract years 1987 through 1996 and to determine the amount actually paid based on appropriate records. The difference between the premiums owed by OPM (calculated using the Appendix B contract rates and the records available through the Plan's record system) and the actual payments made by OPM (determined by reviewing the OPM Quarterly Recap Reports, OPM's wire transfer records, and correspondence from OPM) is the shortfall owed to HealthAmerica per

the contract rates. In calculating its claim amount, HealthAmerica adjusted the owed amount downward to account for subsequent reductions in or relating to the contract rates.

18. HealthAmerica filed a claim with the OPM Contracting Officer in accordance with the Contract and the Contract Disputes Act to recover the underpayments owed by Defendant for contract years 1987 through 1996.

19. By letter dated January 26, 2004, HealthAmerica timely submitted to OPM its properly certified claim in the total amount of $7,201,537.75 under FEHB Program Contract No. CS-2078 for contract years 1987 through 1996.

20. OPM failed to respond to this claim within sixty (60) days pursuant to the Contract Disputes Act. OPM's failure to respond within the statutory time frame constitutes a denial of HealthAmerica's claim.

## COUNT I

***(Breach of Contract)***

21. HealthAmerica repeats and realleges each of the averments contained in Paragraphs 1 through 20 as though fully set forth herein.

22. HealthAmerica maintained all of the required records and provided and made available all of the health care services, for each of the HealthAmerica federal enrollees for contract years 1987 through 1996, in

accordance with the Contract and the applicable regulations, policies and procedures.

23. Defendant was obligated to comply with all of the terms and conditions of the Contract, the FEHB Act and the implementing regulations that OPM promulgated with respect to the FEHB Program.

24. HealthAmerica adhered to the policies and procedures prescribed by OPM for performing enrollment reconciliations.

25. HealthAmerica exhausted all reasonable efforts to perform enrollment reconciliations.

26. The amount claimed by HealthAmerica is verifiable based upon enrollment and disenrollment records received from the agencies as reflected in the enrollment and billing system.

27. HealthAmerica fulfilled its contractual obligations for the 1987 through 1996 contract years in all respects relevant to this claim. The United States, however, has failed in its contractual obligations to pay HealthAmerica all premium payments due during that period.

28. Defendant has not paid the full amount due HealthAmerica as required by the Contract. Those amounts are now past due and owing to HealthAmerica.

**RELIEF**

WHEREFORE, HealthAmerica respectfully requests that this Court:

(a) Enter a Judgment in its favor against the Defendant in the amount of $7,201,537.75.

(b) Order Defendant to pay interest on the damage amount for contract years 1987 through 1996 from January 26, 2004, the date that HealthAmerica submitted its claim to OPM pursuant to the express terms of the Contract and 41 U.S.C. § 611; and

(c) Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Arthur N. Lerner

Arthur N. Lerner
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 624-2500 (Tel.)
(202) 628-5116 (Fax)

Attorney for Plaintiff

Dated: April 9, 2004

2104877.04