# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTHAMERICA PENNSYLVANIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-633C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

In accordance with Appendix A of the Rules of the United States Court of Federal Claims, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**4(a) Does the Court have jurisdiction over the action?**

Plaintiff, HealthAmerica Pennsylvania, Inc. ("HealthAmerica") states that this Court has jurisdiction based upon 41 U.S.C. § 609(a), 5 U.S.C. § 8912, and 28 U.S.C. § 1491. Specifically, HealthAmerica submitted a claim to the Office of Personnel Management ("OPM") Contracting Officer to recover monies under its contract with OPM, Contract No. CS-2078, on January 24, 2004. OPM did not respond to HealthAmerica's claim within the sixty (60) days required under the Contract Disputes Act and, pursuant to 41 U.S.C. § 605(c)(5), the claim was deemed denied and HealthAmerica could initiate an original action in this Court.

Defendant, the United States, is currently not aware of any ground upon which to challenge jurisdiction.

**(b) Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**(c) Should the trial of liability and damages be bifurcated?**

Assuming the case is tried, the parties are not currently aware of any reason why the trial of liability and damages should be bifurcated.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties are not currently aware of any reason why proceedings in this case should be deferred pending consideration of another case before this Court or any other tribunal.

**(e) Will a remand or a suspension be sought and the reasons therefor and the proposed duration?**

Neither party anticipates seeking a remand or suspension at this time.

**(f) Will additional parties be joined?**

Neither party anticipates joining any additional parties.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is a proposed schedule for the intended filing?**

The parties may file cross-motions upon the pleadings pursuant to Rule 12(c), or for summary judgment pursuant to Rule 56. It is too early to determine whether either party will pursue dispositive motions relating to damages.

**(h) What are the relevant issues?**

Based upon a preliminary review of the case, the parties agree that the preliminary relevant issues are as follows:

1. Whether the United States breached the contract by underpaying premiums to be paid to HealthAmerica pursuant to the contract for the years 1987 through 1996;

2. Whether the United States breached the contract by failing to comply with the regulations promulgated pursuant to the Federal Employees Health Benefits Act;

3. Whether the United States breached the contract by failing to collect and pay the full premiums due to HealthAmerica;

4. Whether this action or any discrete claims asserted in this action are barred by the applicable statute of limitations;

5. Whether this action or any discrete claims asserted in this action are barred by laches;

6. If the answer to any of questions 1 through 3 is yes, and HealthAmerica's claims are not entirely barred by the statute of limitations or laches, whether HealthAmerica is entitled to damages, and if so, the amount of damages due HealthAmerica.

**(i) What is the likelihood of settlement?**

The parties currently believe that there is a likelihood that they can settle this matter. In approximately twenty (20) other cases that have been or are being litigated in the Court of Federal Claims, nearly identical issues have been raised by other health benefit providers, and the parties have reached a settlement in the majority of those cases.

Over the course of other Federal Employees Health Benefits Program underpayment cases, the parties have developed a process by which they have been able to voluntarily exchange information and negotiate a compromise on their own. In this case, once the parties have voluntarily exchanged information, an outside expert will be retained by the

Government.[1] This expert will then evaluate the information provided by HealthAmerica. Settlement negotiations will proceed thereafter. In the event the parties reach an impasse in their negotiations, the parties may be amenable to considering the appointment of a settlement judge.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

In the absence of a settlement or disposition through dispositive motions, the parties will proceed to trial. Neither party requests expedited trial scheduling. The requested place of trial is Washington, D.C.

**(k) Are there any special issues regarding electronic case management?**

The parties are not aware of any special issues regarding electronic case management at this time.

**(l) Is there any other information the Court should be aware of at this time?**

The parties are unaware of any other information that should be brought to the attention of the Court at this time.

---

[1] The Government anticipates issuing a request for proposals for outside expert services for the purpose of evaluating plaintiff's experts' reports and plaintiff's data. Following the receipt of proposals by potential Government experts, a selection of an expert will be made, and authority will be sought and obtained for the provision of expert services. Thereafter, a contract for the expert's services will be prepared and executed. This process of retaining the services of an outside expert on behalf of the Government, along with the ensuing process of evaluating plaintiff's experts' reports and plaintiff's data is often time-consuming, and is, accordingly, reflected in the parties' request for time to explore the possibility of settlement, as indicated in the section addressing the Proposed Discovery Plan, below.

**Proposed Discovery Plan**

The parties request a period of four months, or until January 3, 2005, to explore settlement prior to commencing discovery in this case. If, by the end of this period, the parties are not able to reach an agreement or make reasonable progress toward settlement, the parties will submit a joint status report to this Court to propose a schedule for further proceedings. The joint status report will be submitted on or before January 3, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Arthur N. Lerner
Crowell & Moring, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116
E-mail: alerner@crowell.com

Attorneys for Plaintiffs

s/ Carolyn J. Craig
CAROLYN J. CRAIG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644
E-mail: carolyn.craig@usdoj.gov

OF COUNSEL:

JILL GERSTENFIELD
Office of the General Counsel
Office of Personnel Management
1900 E Street, N.W.
Washington, D.C. 20415
Tel: 202-606-2044

Attorneys for Defendant

Dated: August 30, 2004