# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH AMERICA PENNSYLVANIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-633C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND PROTECTIVE ORDER

Upon consent and stipulation of the parties to this action, by their respective counsel, it is hereby:

ORDERED that:

1. The following shall be considered "Confidential Records" pursuant to this order:

(a) All personnel records of federal employees, retirees, annuitants, as well as their spouses, children or other dependents, utilized in HealthAmerica Pennsylvania's ("HealthAmerica's") analysis of its enrollment database;

(b) All FEHB Program enrollment documents and forms for FEHB Program enrollees participating in the HealthAmerica plan during the years 1987 through 1996; and

(c) All work product of HealthAmerica's consultants developed in the course of analyzing HealthAmerica's enrollment data and its underpayment claim; and

(d) All computer programs developed to analyze HealthAmerica's enrollment database.

2. The Confidential Records produced by HealthAmerica, and the information contained therein and derived therefrom, shall be used by the defendant and by its retained consultants only for the purpose of the review and statistical analyses being performed in this case and for no other purpose. Under no circumstances, other than those specifically provided for in this order, or a subsequent order of the Court, shall any recipient of such Confidential

Records disclose Confidential Records and/or the information contained therein or derived therefrom to persons other than the following:

(a) The Court, pursuant to paragraphs 5 and 6 of this order;

(b) Counsel who have appeared of record for defendant in this case and employees of such counsel performing services in this case;

(c) Officers or employees of defendant in this case who are assisting counsel in the defense of this case; and

(d) Partners, principals and employees of defendant's retained consultants participating in the review and statistical analyses in this case being performed by defendant.

3. The Confidential Records and the information contained therein or derived therefrom may be disclosed to, and discussed with, the persons identified in Paragraphs 2(c) and 2(d) only upon the following terms and conditions:

(a) Prior to any such disclosure or discussion, each such person shall execute a written declaration, in the form attached as Appendix A, to be bound by this order; and

(b) Such declarations shall be provided to counsel for HealthAmerica within five (5) days of execution and the originals retained by defendant's counsel until further order of the Court.

4. Each person given access to the Confidential Records and the information contained therein or derived therefrom pursuant to Paragraphs 2(b)-(d), shall segregate such material, keep it strictly secure, and refrain from disclosing in any manner any information set forth in the Confidential Records, and shall keep such Confidential Records and the information contained therein or derived therefrom confidential, <u>except</u> as provided by the express terms of this order. Such records shall not be voluntarily disclosed to anyone. Defendant shall

immediately provide notice to counsel for HealthAmerica any effort under process of a court to obtain such records.

5. In the event counsel for any party determines to file with or submit to this Court any Confidential Records, including computer disks, or information contained therein or derived therefrom (by way of pleadings, motions, briefs, or any other papers or oral communications containing or making reference to such records or information), such documents shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL**

**THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION GOVERNING USE OF CONFIDENTIAL INFORMATION**

6. In the case of oral communications by or among the persons identified in paragraph 2, such communications shall be prefaced by a statement on the record that the information being disclosed is subject to a protective order entered by the Court. All such material so filed or transcripts containing such confidential information shall be maintained by the clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

7. Defendant and its retained consultants agree that they will not use the Confidential Records or information derived therefrom for any purpose in any other proceeding.

8. In the event that any Confidential Records or information contained therein or derived therefrom are used in any Court proceeding herein, including depositions, such records or information shall not lose their confidential status through such use.

9. The parties agree that the Confidential Records identified in Paragraph 1(c) are not agency records for the purposes of the Freedom of Information Act, 5 U.S.C. § 552 et seq.

10. Any party to this litigation believing that a violation of this order has occurred or is about to occur is entitled to petition this Court for appropriate relief. Moreover, in the event

that counsel for defendant disputes whether a document has been appropriately designated or should continue to be maintained as a Confidential Record, counsel for defendant may move the Court for an order declaring that the records in question are not confidential. However, no less than five (5) days prior to the filing of such a motion, counsel for defendant shall request that counsel for HealthAmerica enter into stipulation to alter the Confidential Record(s) designation which is intended to be the subject of the contemplated motion. If counsel for HealthAmerica does not respond to this request or refuses to so stipulate, counsel for defendant may file the motion.

11. At the conclusion of this case, all Confidential Records or information identified in paragraph 1(c), information contained therein or derived therefrom and copies thereof in the possession, custody, or control of defendant and/or its retained consultants shall be either destroyed with no copies retained or returned to counsel for defendant within thirty (30) days of the conclusion of this matter and all appeals. All notes, memoranda, summaries, or other documents in the possession, custody, or control of the parties that refer to, describe, or relate to the Confidential Records or information contained therein or derived therefrom that is identified in paragraph 1(c) shall be destroyed, except that counsel to each party may retain one copy of any pleadings, briefs, motions, transcripts, exhibits, notes, memoranda, and correspondence containing information from the confidential records. Such material retained by counsel shall continue to be subject to the terms and conditions of this order.

12. This order shall remain in full force and effect after the ultimate resolution and/or adjudication of this case unless otherwise modified by the parties in writing.

Plaintiff, HealthAmerica Pennsylvania, and defendant, the United States, stipulate that the instant order may be signed, filed and entered by this Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Arthur N. Lerner
ARTHUR N. LERNER
Crowell & Mornig, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 624-2500

Counsel for Plaintiff

Dated: March 2, 2005

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7586

Counsel for Defendant

Dated: March 2, 2005

SO ORDERED:

Dated: ____________________

______________________________
Honorable Emily C. Hewitt,
Judge, United States Court
of Federal Claims

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HEALTH AMERICA PENNSYLVANIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-633C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**APPLICATION FOR ACCESS TO MATERIALS UNDER PROTECTIVE ORDER**

1. I, the undersigned, am employed as a ____________________________ with ________________________________ and hereby apply for access to protected materials covered by the protective order issued in connection with this proceeding.

2. I have read a copy of the protective order issued by the Court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any protected information produced in connection with the proceeding. I will not disclose any protected information to any individual who has not been admitted under the protective order by the Court.

3. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above are true and correct.

| | |
|---|---|
| ______________________________ | ______________________________ |
| Signature | Date Executed |
| ______________________________ | ______________________________ |
| Name and Title | Address and Telephone Number |

**APPENDIX A**